# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL MORAN,<br><br>                Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>                Defendant.<br>_____/ | Case No. 1:21-cv-00245-SKO<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(Doc. 22) |

After successfully obtaining remand of an Administrative Law Judge ("ALJ")'s decision denying his application for Social Security disability benefits, Plaintiff filed an application for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $12,706.84.[1]  (*See* Doc. 22.)  On July 7, 2022, Defendant (or the "Commissioner") filed an opposition asserting that the number of hours sought is unreasonable and should be reduced by half. (*See* Doc. 25.)  On July 21, 2022, Plaintiff filed a reply brief, in which he requests an additional $320.61 in attorney's fees.  (*See* Docs. 26, 26-1.)  In total, Plaintiff requests $13,027.45 in attorney's fees.  (*See* Doc. 26-1.)  For the reasons set forth below, Plaintiff's application for EAJA fees is GRANTED IN PART.

///

---

[1] The Court observes that Plaintiff's EAJA motion requests fees for 2.0 hours of work that are not accounted for in the itemization of time submitted in support of the motion.  (*Compare* Doc. 22 at 4 *with* Doc. 22-1 at 2–3.)  The error appears to have been corrected in the itemization of time filed with Plaintiff's reply brief; it seems that Plaintiff's counsel inadvertently omitted 2.0 hours expended drafting the EAJA motion.  (*See* Doc. 26-1 at 3.)

## I. BACKGROUND

Plaintiff filed this action on February 23, 2021, seeking judicial review of a final administrative decision denying his application for Social Security disability benefits. (Doc. 1.) The parties stipulated to voluntarily remand the case pursuant to Sentence Four of 42 U.S.C. § 405(g) on January 31, 2022, and judgment was entered in favor of Plaintiff and against the Commissioner on February 1, 2022. (Docs. 19, 20, 21.)

On May 2, 2022, Plaintiff filed a motion for EAJA fees, contending he is the prevailing party in this litigation and seeking a total award of $12,706.84. (*See* Doc. 22 at 4.) Defendant filed an opposition asserting that Plaintiff spent an unreasonable number of hours on this case. (Doc. 25 at 1–4.) Specifically, Defendant asserts that the 57.45 hours spent by Plaintiff's attorneys in this case was excessive, given their extensive experience litigating social security cases and that "Plaintiff's brief raised just three run-of-the-mill issues: whether the [ALJ] erred in discounting (1) physician opinions, (2) Plaintiff's subjective complaints, and (3) vocational issues." (*Id.* at 4.) Defendant requests that the fee award be reduced by half. (*Id*.)

It is Plaintiff's motion for attorney's fees under the EAJA that is currently pending before the Court.

## II. LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing

party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of [his] benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

### III.   ANALYSIS

There is no dispute that Plaintiff is the prevailing party in this litigation. The Court also finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed. Plaintiff seeks an award of $13,027.45 in attorney fees, comprised of 60.95 hours of attorney time, payable to his attorneys. (*See* Doc. 26-1.) The Commissioner does not dispute that her position is not substantially justified but contends that the hours Plaintiff requests are unreasonable, given that the case involved only "run-of-the-mill issues" and experienced social security practitioners like Plaintiff's attorneys "should not have needed more than double the average time (i.e., 30 hours) that a plaintiff's attorney typically spends on a district court social security case to research and draft arguments for these common issues." (Doc. 25 at 3, 4.) The Commissioner recommends a reduction by half of the hours billed by Plaintiff's attorneys. (*See id.* at 4.) Plaintiff responds that the hours expended by his attorneys were reasonable; alternatively, Plaintiff requests that the Court "order only a 10 percent 'haircut' reduc[tion] to the fees requested." (Doc. 26 at 5.) The Court thus considers below whether Plaintiff's request for attorney fees and expenses is reasonable.

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts

are permitted to adjust the rate to compensate for increases in the cost of living.[2]  28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147–49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Id.* at 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id*. at 989.  Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do.  *Hensley*, 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The court must "provide a concise and clear explanation of the reasons" for its attorney award calculation.  *Hensley*, 461 U.S. at 433, 437; *Sorenson*, 239 F.3d at 1145.  A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary.  *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).  "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request.  *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

According to Plaintiff's motion, the tasks completed by Plaintiff's attorneys Jonathan Pena, Esq., and Dolly Trompeter, Esq., include reviewing the ALJ's decision and the administrative record that was approximately 1,208 pages; drafting Plaintiff's opening brief; and preparing the request for EAJA fees now pending before the Court.  (*See* Doc. 26-1 at 2–3.)  After independently reviewing the individual time entries on the timesheets submitted by Plaintiff's attorneys (*see id.*), the Court

---

[2] In accordance with the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living.  The rates are found on that court's website: https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last accessed Aug. 19, 2022).  Plaintiff requests an hourly rate of $213.74 for attorney work performed in 2021 and 2022, to which the Commissioner does not appear to object.  (*See* Docs. 22-1 at 2, 26-1 at 2; Doc. 25.)  This rate is consistent with, and in fact less than, the statutory maximum rates for 2021 and 2022 as set forth by the Ninth Circuit.

4

finds that some of time expended by Plaintiff's attorneys is excessive and will make deductions, as described below.

### A.   Time Expended on Briefing

Plaintiff's attorneys billed a total of 55.7 hours for work on Plaintiff's opening brief. (*See* Doc. 26-1 at 2–3.) On December 9, 2021, the attorneys billed 3.5 hours summarizing the medical evidence. (*See id.* at 2.) For the argument section, on December 11, 2021, they billed an additional 4.0 hours "[d]etail[ing] TP MSS Dr. Fang and supportive objective evidence of record." (*See id.*) Upon review of Plaintiff's opening brief, the Court observes that the medical evidence detailed in the argument section concerning the ALJ's rejection of Dr. Fang's opinion appears to be copied verbatim, or with minor alterations, from the "Summary of Relevant Medical Evidence" section of the brief. (*Compare* Doc. 15 at 3–11 *with id.* at 18–19; *id.* at 11–14 *with id.* 19–21.) Accordingly, 3.0 hours will be deducted for the summation of the medical evidence in the argument section, as it is largely duplicative of the attorneys' prior work summarizing the medical evidence.

The attorneys also billed 4.5 hours for reviewing and detailing the ALJ's "cherry picked citations and way in which they were out of context with the record as a whole, including research on specific orthopedic tests and FDC research on what constitutes 'conservative treatment'" on August 18, 2021. (*See* Doc. 26-1 at 2.) That portion of the brief is approximately three-pages long[3] and includes a string-cite foot note addressing conservative medical treatment. (*See* Doc. 15 at 24–27.) The Commissioner objects that the time spent on researching conservative treatment was excessive given that the research was incorporated into a single footnote. (*See* Doc. 25 at 3.) Plaintiff responds that his counsel was "required to craft a considerably long footnote of case citations . . . to support the argument that the nature of [Plaintiff]'s treatment . . . support[ed] Dr. Fang's less than sedentary RFC opinion[.]" (*See* Doc. 26 at 3.) The string-cite footnote regarding conservative treatment, however, has been included in other opening briefs filed by Mr. Pena's firm. *See, e.g., Brownlee v. Comm'r of Soc. Sec.*, Case No. 1:21-cv-00399-JLT, Doc. 18 at 24 (filed Dec.

---

[3] The Court observes that, in formatting the brief, Plaintiff's counsel has placed the page numbers three-quarters of the way down on each page, such that a quarter of each page is blank space. (*See* Doc. 15.) Accounting for the unused space, the aforementioned argument section is only about two-and-a-quarter pages long. The Court further notes that Plaintiff's reply brief in the support of the EAJA motion is formatted such that the space on each page is fully used. (*See* Doc. 26.)

10, 2021).  Accordingly, the Court will deduct 2.0 hours from the August 18, 2021 entry in view of the length of the section worked on and that the footnote appears to have been borrowed from existing briefing.

On December 12 and 13, 2021, the attorneys billed a total of 5.0 hours researching and drafting a two-page argument concerning the ALJ's use of lay knowledge to interpret raw medical data and formulate the RFC.  (*See* Docs. 15 at 29–30, 26-1 at 2.)  But more than one page of that section is comprised of mostly boilerplate language that is duplicative of other opening briefs filed by Mr. Pena's firm.  (*Compare* Doc. 15 at 29–30 *with Tinoco v. Comm'r of Soc. Sec.*, No. 1:21-cv-00278-JLT, Doc. 11 at 13 n.5 (filed Sept. 8, 2021) *and Dara v. Comm'r of Soc. Sec.*, No. 1:21-cv-00046-SKO, Doc. 15 at 9 (filed Aug. 5, 2021).)  Therefore, the Court will deduct 3.5 hours for work on that section of the brief.

On December 14, 2021, the attorneys billed 4.15 hours researching and drafting a two-page argument "why ALJ rejection [o]f pain testimony/failure to discuss specific pain testimony is harmfully erroneous." (Doc. 26-1 at 3.)  Based on a review of opening briefs filed by Mr. Pena and his firm in other cases, the Court observes that the discussion of this issue is substantially similar, if not identical, to the briefing in other cases where the issue arises. (*Compare* Doc. 15 at 35 *with Meade v. Saul*, No. 1:20-cv-00519-BAM, Doc. 30 at 7 (filed May 27, 2021) *and Buck v. Kijakazi*, No. 1:21-cv-00304-SKO, Doc. 14 at 18 (filed Oct. 4, 2021); *compare also* Doc. 15 at 36 *with Nkem v. Kijakazi*, No. 1:21-cv-00046-EPG, Doc. 23 at 27 (filed Dec. 6, 2021) *and Tinoco v. Comm'r of Soc. Sec.*, No. 1:21-cv-00278-JLT, Doc. 11 at 8–9 (filed Sept. 8, 2021).)  Thus, the Court will deduct 3.0 hours from the December 14, 2021 entry for research.

On December 15, the attorneys billed 3.0 hours to research and draft a half-page argument based on *Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010).  (*See* Doc. 26-1 at 3.)  The Commissioner contends that the time expended on this issue is excessive because "all [counsel] did was cite to the case." (Doc. 25 at 3–4.)  Plaintiff's attorneys have extensive experience litigating social security cases, and this matter is not the first time they have addressed a *Luna* issue.  *See Zamora Vargas v. Comm'r of Soc. Sec.*, No. 1:21-cv-00274-DAD-HBK, Doc. 21 at 15–16 (filed Nov. 29, 2021).)  Indeed, the *Luna* argument section in this case is substantially similar to the

briefing in *Zamora Vargas*.  (*Compare* Doc. 15 at 37 *with Zamora Vargas*, Doc. 21 at 15–16.) Accordingly, the Court will deduct 1.5 hours for research and drafting the argument.

In reviewing Plaintiff's remaining hours, the Court is mindful that, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time was required to spend on the case; after all, [they] won, and might not have, had [they] been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  With this deference in mind— and considering the length of the record (1,208 pages) and the issues raised in this case (i.e., conflict between the vocational expert's testimony and the Dictionary of Occupational Titles, the ALJ's evaluation of medical opinions and Plaintiff's testimony, and remand under *Luna*), which were not complex or novel—the Court finds the remaining time expended by Plaintiff's attorneys on the various tasks, and the total time of 42.7 hours spent on the briefing (which includes the Court's deductions totaling 13.0 hours, above) to be reasonable.  *See Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) (reasonableness determined by such factors as the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly, and the experience, reputation, and ability of the attorney).  The Court finds that a deduction greater than the 10 percent haircut suggested by Plaintiff (*see* Doc. 26 at 5) is warranted but declines to make a 50 percent reduction as requested by the Commissioner (*see* Doc. 25 at 4).

### B.      Time Expended on EAJA Motion

Under the EAJA, a prevailing party is entitled to fees incurred in protecting the EAJA fee award in subsequent litigation by the Government over the amount of the fee award.  *See Comm'r INS v. Jean*, 496 U.S. 154 (1990); *see also Love v. Reilly*, 924 F. 2d 1492, 1497 (9th Cir. 1991). Plaintiff seeks 3.75 hours for time spent drafting the EAJA fee motion and declaration in support. (Doc. 26-1 at 3.)  After independently reviewing the individual time entries on the timesheets submitted by Plaintiff's attorneys (*see id*.), the Court deducts 2.25 hours from the time spent on the EAJA motion and declaration.  Having now reviewed several EAJA fee motions submitted by Mr. Pena's firm, it has become apparent to the Court that these motions and their accompanying declarations are substantially similar.  (*Compare, e.g.*, Docs. 22 and 22-1 *with Ramirez v. Kijakazi*, No. 1:21-cv-00515-GSA, Docs. 24 & 24-1 (filed Sept. 27, 2021), *and Chavez-Alvarez v. Comm'r*

7

*of Soc. Sec.*, No. 1:19-cv-01373-EPG, Docs. 29 & 29-1 (filed Oct. 1, 2021).)  While Plaintiff's attorneys are entitled to compensation for preparing the motion and declaration, the repetitive nature of these items warrants a reduction in time.  They will therefore be allowed 1.5 hours for this task.  *See, e.g.*, *Lopez v. Astrue*, No. 1:10-CV-01012-AWI-GSA, 2012 WL 2052146, at *5 (E.D. Cal. June 6, 2012), *report and recommendation adopted*, No. 1:10-CV-01012-OWW, 2012 WL 2995486 (E.D. Cal. July 23, 2012) (observing "the similar nature of . . . EAJA petitions and billing statements" filed by counsel, and awarding 1.5 hours for the work related to the EAJA motion); *Fontana v. Astrue*, No. 1:10-cv-00932 DLB, 2011 WL 2946179, at *3 (E.D. Cal. July 21, 2011) (allowing 1.5 hours for preparation of the EAJA application).

As noted above, the plaintiff is also entitled to compensation for fees incurred in litigating the EAJA fee award where the Commissioner opposes the amount requested.  Here, Plaintiff requests an additional 1.5 hours for time spent reviewing the Commissioner's opposition and drafting the reply brief in support of the EAJA motion (*see* Doc. 26-1 at 3), which the Court finds to be reasonable.

### C.     Amount to Be Awarded

With the deductions set forth above, Plaintiff's attorneys expended 45.7 hours of compensable work in this action on behalf of Plaintiff, which the Court finds to be reasonable considering the tasks performed by counsel and the results achieved.[4]  Plaintiff requests a rate of $213.74.  (*See* Docs. 22-1 at 2, 26-1 at 2.)  Accordingly, Plaintiff is entitled to an award of $9,767.92.

---

[4] In sum, Plaintiff's counsel requested a total of 60.95 hours for work on this case, consisting of 55.7 hours of work on Plaintiff's opening brief, 3.75 hours for work on the EAJA motion and supporting documents, and 1.5 hours on the reply in support of the EAJA motion.  The Court deducted 13.0 hours for time spent on the opening brief and 2.25 hours for time spent on the EAJA motion as unreasonable, for a total of 15.25 hours in deductions.  The final figure of 45.7 hours to be awarded was reached by subtracting the Court's total deductions (15.25) from the total time requested by Plaintiff (60.95).

**IV.     CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney's fees and expenses under the EAJA (Doc. 22) is GRANTED IN PART;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $9,767.92; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's attorneys, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees (*see* Doc. 28) and pay fees directly to Plaintiff's attorneys.

IT IS SO ORDERED.

Dated:  **August 31, 2022**                           /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE